# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**EUGENE ALBERT VERDON,**

    **Plaintiff,**

v.                                          Case No: 5:18-cv-129-Oc-GKS-PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying his application for Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, I recommend that the Commissioner's decision be **AFFIRMED.**

**I.  BACKGROUND**

For the sake of convenience, the administrative history, which is not in dispute, is copied from the Government's brief:

> Plaintiff filed an application for a period of disability and disability insurance benefits (DIB) in July 2014 (Tr. 150). The application was denied initially and on reconsideration (Tr. 79, 83). An administrative law judge (ALJ) held a hearing on January 30, 2017, and issued a decision on March 6, 2017, finding Plaintiff was not disabled from August 30, 2013, his alleged onset date, through December 31, 2014, his date last insured (Tr. 7-17, 29-48). The Appeals Council denied Plaintiff's request for review (Tr. 1-6). This case is now ripe for review under 42 U.S.C. § 405(g).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

(Doc. 12, p. 1-2).

Plaintiff was 48 years old on his alleged onset date and 50 years old on his date last insured. (Tr. 12, 150). Plaintiff has a college education, and past work experience as a vice president and chief executive officer. (Tr. 45, 178-79). Based on a review of the record, the ALJ found that Plaintiff had the severe impairments of depression and anxiety. (Tr. 12).

The ALJ found that the Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with some limitations. The ALJ found:

> The claimant can perform unskilled work involving a SVP skill level of one or two. The claimant can perform work involving simple routine repetitive task. The claimant can have occasional contact with the public.

(Tr. 14).

Based upon the RFC, and relying upon the testimony of a vocational expert, the ALJ found that Plaintiff was capable of performing jobs that exist in significant numbers in the national economy, such as the representative jobs of warehouse worker, manufacture packages, and janitorial cleaner. (Tr. 18-19).

## II.   STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The

claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

### III.   DISCUSSION

Plaintiff raises a single issue on appeal: whether the ALJ erred in failing to determine that Plaintiff's condition meets or equals a listed impairment at Step 3 based on the opinion of Plaintiff's treating physician. Plaintiff contends that the ALJ erred in failing to determine that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Plaintiff specifically argues that the ALJ erred in failing to credit the opinion

of Dr. Byrd, Plaintiff's treating physician, who opined that Plaintiff's depression meets a listed impairment.

The law is clear that "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Further, the opinions of treating physicians are entitled to substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Commissioner of Social Security*, 363 F. 3d 1155, 1159 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997)). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). With good cause, an ALJ may disregard a treating physician's opinion, but he "must clearly articulate [the] reasons" for doing so. *Id*. at 1240-41.

Here, Plaintiff argues that the ALJ should have credited the opinion of Dr. Byrd. In a conclusory fashion on an evaluation form, Dr. Byrd indicated with check marks that Plaintiff has extreme limitations in all areas of mental functioning, has a medically documented history of chronic affective disorder of at least two years in duration, has repeated episodes of decompensation, a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in environment would be predicted to cause the induvial to decompensate, and a current history of one or more years inability to function outside a highly supportive living environment. (Tr. 312).

First, the undersigned notes that the opinions cited by Plaintiff are found on a form entitled "Mental Disorders Disability Evaluation for Social Security" and are in the form of check marks on the questionnaire. (Tr. 312). "Checklist opinions" such as the ones provided by Dr. Byrd are

generally disfavored. *See Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011) (use of questionnaire format typifies brief and conclusory testimony). *See also Hammersley v. Astrue*, No. 5:08-cv-245, 2009 WL 3053707, at *6 (M.D. Fla. Sept. 18, 2009) ("courts have found that check-off forms . . . have limited probative value because they are conclusory and provide little narrative or insight into the reasons behind the conclusions") (*citing, inter alia, Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985)).

In his opinion, the ALJ expressly afforded little weight to this January 2015 check-box form opinion of Dr. Byrd, explaining that it was "inconsistent with the majority of the medical record, which reflected improvement in his depressive symptoms." (Tr. 17). For example, the ALJ noted a later opinion of Dr. Byrd dated September 15, 2016, which observed that Plaintiff could perform activities of daily living interpedently and no hospitalization was required. (Tr. 17, 389-91). The notes for the appointment indicate it had been six months since the last appointment. (Tr. 389). And, Dr. Byrd's own records are inconsistent with his opinion. For example, Dr. Byrd described Plaintiff as oriented to person, place and time, and with a normal thought process. (Tr. 328, 331). Dr. Byrd also reported Plaintiff had medium motivation and was intendent with activities of daily living. (Tr. 328, 331). In December 2015, Dr. Byrd observed that Plaintiff was oriented, had normal thought process, medium motivation, good appetite, and that Plaintiff socialized with family, friends, and community members. (Tr. 316). Plaintiff was again noted to be intendent in activities of daily living. (Tr. 316). As the Defendant contends, the record, including Dr. Byrd's treatment notes simply does not support the limitations to the extent opined by Dr. Byrd in his January 2015 opinion.

The ALJ also cited office treatment records from Ocala Psychiatric Associates reflecting a normal thought process, attention deficit symptoms, moderate motivation levels, and no

complaints of chronic pain. (Tr. 313) Plaintiff was noted to be independent regarding his activities of daily living. (Tr. 313).

Similarly, the ALJ considered the assessments made by the state agency medical consultant, Angeles Alvarez-Mullin, M.D., who opined that Plaintiff had only mild limitations regarding activities of daily living and moderate limitations in social functioning, concentration, persistence and pace. Dr. Alvarez-Mullin opined that Plaintiff had no episodes of decompensation, no significant mental limitations, and that Plaintiff was capable of carrying out simple and complex tasks. It was also noted that Plaintiff's medication regimen was effective. (Tr. 49-55). Dr. Alvarez-Mullin specifically remarked, "it is not believed that his mental illness precludes all work." (Tr. 55).

Other record evidence supports the ALJ's findings, including the RFC finding.  For example, in 2013, Dr. Neerukonda noted generally normal mental status findings, including a GAF score of 65, indicating mild symptoms. (Tr. 291-92). In October 2013, Dr. Neerkonda observed that Plaintiff was "doing pretty well" and "functioning pretty good," his depression was improving, and his mental status examination was unremarkable. (Tr. 290).

The Court agrees that the ALJ identified substantial evidence supporting the RFC finding, including medical treatment records, the treatment records of Dr. Byrd, and the opinion of the state agency consultant. All of this evidence supports the ALJ's RFC and demonstrates that Plaintiff had mental limitations, but not to the severe extent opined by Dr. Byrd in the January 2015 opinion. The ALJ did not err in evaluating the opinion of Dr. Byrd or in failing to make a finding of disability at Step Three.

Taking the record evidence into account, the undersigned finds that the ALJ's decision, including the RFC finding, is supported by substantial evidence of record. Thus, ALJ's decision

should be affirmed because substantial evidence supports the ALJ's findings regarding Plaintiff's condition and his limitations. *See Miles v. Chater,* 84 F.3d 1397, 1400 (11th Cir. 1996) ("If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it.").

### IV.  RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ'S decision should be AFFIRMED under sentence four of 42 U.S.C. § 405(g).

**DONE and ORDERED** in Ocala, Florida on April 5, 2019.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties